**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Michael Hicks, | Case No. 2:19-cv-01665-GMN-BNW |
| Plaintiff, | |
| v. | **Screening Order and Order on [2], [4], [7], and [8]** |
| C.P. Squires Elementary School, et al., | |
| Defendant. | |

In this employment discrimination case, plaintiff Michael Hicks brings four claims based on events that allegedly occurred while he was employed at C.P. Squires Elementary School (the "School"). ECF No. 2-1. Hicks seeks to proceed *in forma pauperis* ("IFP"). ECF No. 2. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed IFP and in this order screens his complaint. However, Hicks's complaint will be dismissed without prejudice because his threadbare allegations do not meet the elements of his claims. Hicks will be given an opportunity to file an amended complaint in this case to try and address the Court's concerns and state a plausible claim for relief.

**I.   Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*,

668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Screening the complaint.**

    **a.   Factual background.**

Hicks alleges that he was employed as a custodian at C.P. Squires Elementary School (the "School"). ECF No. 2-1 at 5. He describes himself as an African-American Black male. *Id.* at 4. Hicks brings his claims against the School, Barry Bosacker (the School's principal), and Joaquin Landeros (Hicks's custodial supervisor). *Id.* at 2.

Hicks claims that defendant Landeros, a fellow custodian named Kent Dickson, and a third individual named Rafael Ledesma created a weight room in the School by placing workout equipment into a classroom. *Id.* at 5. Hicks describes all three of these individuals as white-Hispanic males. *Id.* According to Hicks, in or around April 2019, Landeros informed Hicks that he was permitted to use the newly created weight room. *Id.*

Hicks alleges that in May 9, 2019, he was using the weight room when Dickson approached him and "made a comment . . . in regards to [Hicks's] physical appearance, body, and

health." *Id.* The following day, Landeros informed Hicks that he was no longer permitted to use the weight room. *Id.* Landeros supposedly told Hicks that several teachers saw Hicks using the weight room, and those teachers informed Bosacker that they did not like this. *Id.* Bosacker, in turn, instructed Landeros to instruct Hicks that he was no longer permitted to use the weight room. *Id.*

Hicks filed a complaint with the EEOC on the same day was proscribed from using the weight room. *Id.* Later, on May 30, 2019, Hicks claims he began to be harassed by Landeros. *Id.* Finally, Hicks alleges that on July 3, 2019, he could no longer bear the overwhelmingly tense, hostile work environment and therefore submitted his resignation to the School. *Id.*

Hicks received his Notice of Right to Sue on July 22, 2019, and he filed his IFP application with this Court on September 24, 2019. *Id.*

**B. Discussion.**

Hicks brings four claims: (1) race and color discrimination in violation of Title VII; (2) race and color discrimination in violation of NRS 613.330; (3) retaliation in violation of Title VII; (4) and hostile work environment in violation of Title VII.[1]

**1. Race and color discrimination**

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [his] . . . race[ or] color." 42 U.S.C. § 2000e–2(a)(1). To state a claim for discrimination, a plaintiff must allege he (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) similarly situated

---

[1] The Court notes that in his complaint, Hicks implies that he was discriminated against based on his "personal appearance and health." *See* ECF No. 2-1 at 4. Title VII prohibits discrimination based on enumerated characteristics, including "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Thus, a claim for discrimination based on "personal appearance" is not cognizable under Title VII unless it is encompassed by the aforementioned enumerated characteristics.

Discrimination based on Hicks's "health" is not cognizable under Title VII either. There exist certain federal statutes that protect employees from discrimination based on disability. *See, e.g.*, 42 U.S.C. § 12101. However, the Court is unable to assess whether Hicks has stated a plausible claim for discrimination based on his "health" without more explanation about what Hicks's "health" is or what comments were made about it.

individuals outside his protected class were treated more favorably, or that a discriminatory reason motivated the employer. *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 690-91 (9th Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  Claims for unlawful discrimination under NRS 613.330 are analyzed under the same principles applied to Title VII claims. *Samuels v. We've Only Just Begun Wedding Chapel, Inc.*, 154 F. Supp. 3d 1087, 1093 (D. Nev. 2015) (citing *Apececne v. While Pine Co.*, 615 P.2d 975, 977–78 (Nev. 1980)).

Here, Hicks fails to state a claim for race or color discrimination under Title VII or NRS 613.330 because his allegations do not meet the second and fourth elements.  To begin, Hicks's allegations meet the first element because, according to the complaint, he is Black and African-American.  Each of these characteristics make him part of a protected class.

However, Hicks's allegations do not meet the second element.  Hicks did not articulate the qualifications for his position and nor did he allege that he met those qualifications.

Hicks likewise fails to meet the fourth element.  To begin, Hicks did not allege that the School proscribed him from the using the weight room **because of** his race or color.  Setting that aside, however, Hicks also did not allege that similarly situated individuals outside his protected class were treated more favorably.  For example, Hicks did not allege that his non-Black or non-African-American counterparts were able to continue using the School's weight room, or even that Landeros, Dickson, or Ledesma were permitted to continue doing so.  Without factual allegations that speak to the similarities between Hicks's circumstances and that of comparable employees outside his protected class, the Court cannot discern whether the School or defendants treated similarly situated employees "more favorably" than him.

Because Hicks's allegations do not meet the second and fourth elements, Hicks's race- and color-discrimination claims are not plausible on their face.  Therefore, the Court will dismiss those claims without prejudice.  However, the Court is not yet convinced that future amendment would be futile.  The Court, accordingly, will allow Hicks an opportunity to amend his complaint.  However, the Court instructs Hicks that if he is going to remedy the deficiencies identified by this Court, he will have to "plead true facts to *show* and *describe*" the discrimination he experienced.

*Cellemme v. Sessions*, No. 2:16-cv-022539-JAD-CWH, 2017 WL 3749577, at *2 (D. Nev. Aug. 29, 2017).

### 2. Retaliation

To make out a prima facie case of retaliation, plaintiffs must show that (1) he "undertook a protected activity under Title VII," (2) defendants subjected him to an adverse employment action, and (3) there exists "a causal link between the two." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Protected activities under Title VII include opposing allegedly discriminatory acts by one's employer by, for example, filing a charge with the EEOC or making an informal complaint to one's employer. *Id.*; *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *see also* 42 U.S.C. 2000e–3(a).

Here, Hicks's retaliation claim fails because, although he plausibly alleged the first element, he does not sufficiently allege the second or third. Regarding the first element, it is a protected activity under Title VII to file a complaint with the EEOC.

Hicks's allegations do not meet the second element. The Court broadly construes Hicks's allegations to mean that the alleged adverse employment actions he suffered were a hostile work environment and "continued harassment" by Landeros. *See* ECF No. 2-1 at 5. However, Hicks's allegations are *far* too spare to support this second element. Hicks does not describe the "continued harassment" by Landeros, and nor does he describe *how* or *what* actions he believes constituted a hostile work environment. Without more details, Hicks offers mere labels and conclusion, which cannot support a claim at the pleading stage. If Hicks chooses to file an amended complaint, he must offer more details about the events described in his complaint.

The Court instructs Hicks that for his retaliation claim, the adverse employment action must have occurred *after* his oppositional activity. Again, this oppositional activity can be Hicks's EEOC complaint (a fact which he alleges in his complaint) or an informal complaint he made to his employer (a fact which he has **not** alleged in his complaint). Thus, the School's alleged decision to forbid him from using the weight room cannot constitute an adverse employment action for purposes of this retaliation claim, though it may constitute an adverse employment action for purposes of his race- or color-discrimination claims.

Turning to the third element, the plaintiff must allege sufficient facts to show a "but-for" causal link between the protected activity and the adverse employment action. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). Thus, plaintiff must show that the individuals who allegedly effected the retaliation were "aware that the plaintiff [] engaged in protected activity." *Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003).

Here, this means that Hicks must allege that the persons who effected the retaliation (e.g., Landeros or Bosacker) did so **because of** Hicks's oppositional activity. Under *Raad*, this mean that Hicks must be able to truthfully allege that his retaliators were aware of his decision to file with the EEOC or, for example, aware of an informal complaint he made to his employer. Hicks has not done so. Thus, even if Landeros or Bosacker did in fact effect a hostile work environment and "continued harassment," Hicks's retaliation claim must fail for now because he has not alleged that Landeros or Bosacker were aware of any oppositional activity by Hicks. Without this knowledge, Landeros or Bosacker could not have retaliated against Hicks "because he . . . opposed any practice made [] unlawful" under Title VII. *See* 42 U.S.C. § 2000e-3(a). Therefore, Hicks's retaliation claim is dismissed without prejudice but with leave to amend.

### 3. Hostile work environment

To allege a plausible hostile work environment claim based on race or color, a plaintiff must allege: (1) that he was subject to verbal or physical conduct of a racial nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *See Gregory v. Windnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (citation omitted). The more outrageous the conduct, the less frequent it need occur to make a workplace hostile. *Id.*

Here, Hicks's hostile work environment claim must fail, too. To begin, Hicks never alleged that he was prohibited from using the School's weight room because of race or color. Thus, to the extent that Hicks asserts this prohibition constitutes a hostile work environment, he cannot meet the first element because this action was not of a racial nature.

Hicks later alleges that he "was harassed" by Landeros, but he likewise does not allege that this harassment was due to Hicks's race or color.  Without this allegation, Hicks has not alleged that this harassment constitutes verbal or physical conduct of a racial nature.  Accordingly, Hicks's claim fails at the first element.

Further, regarding the third element, Hicks's allegations lack sufficient detail and are therefore too threadbare to sustain a claim.  Hicks alleges that he suffered harassment by Landeros, but his allegations stretch no further than that.  Further, Hicks describes his former workplace as "overwhelming, tense, [and] hostile" but he does not describe any details or actions that allow the Court to arrive at the same conclusion.  Instead, these adjectives are mere labels and conclusions that cannot support a plausible claim.  Without more details about the alleged harassment or "overwhelming, tense" workplace, the Court cannot assess whether defendants' conduct was sufficiently severe or pervasive to alter the conditions of Hicks's employment and create an abusive work environment.  Again, Hicks must "plead true facts to *show* and *describe*" the hostile work environment he experienced.  *See Cellemme v. Sessions*, No. 2:16-cv-022539-JAD-CWH, 2017 WL 3749577, at *2 (D. Nev. Aug. 29, 2017).  Because he did not do so, the Court will dismiss this claim without prejudice and with leave to amend.

### III. Instructions for amendment

If Hicks chooses to file an amended complaint, he must correct the deficiencies identified in this order.  Further, Hicks is instructed that if he chooses to file an amended complaint, the original complaint no longer serves any function.  As such, each claim and the involvement of each defendant must be alleged sufficiently in the amended complaint.  The amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

### IV. Other motions

Hicks filed a motion "to honor original filing of complaint and request to backdate."  ECF No. 4.  There, Hicks explains that he mistakenly first filed his complaint in the Eighth Judicial District Court.  *Id.*  Hicks therefore asks the Court to docket his complaint "as being received within the 90-day deadline, which is September 24, 2019."  *Id.* at 2.

The record reflects that Hicks's complaint was in fact received on September 24, 2019. ECF No. 2. Further, the Court notes that the EEOC issued Hicks's right-to-sue letter on July 22, 2019. ECF No. 2-1 at 13. The 90-day deadline to sue expired on October 20, 2019. Again, however, the Court received Hicks's complaint well before the 90-day deadline lapsed. Therefore, Hicks's motion to backdate his complaint will be denied as moot.

Finally, Hicks filed two motions requesting case status. ECF Nos. 7–8. Since the time that Hicks filed those motions, the undersigned's judicial clerk has spoken to Hicks on the phone and the Court has sent a letter to Hicks informing him that his motions were in queue for a decision. ECF No. 10. Because the motions for case status remain pending, they will likewise be denied as moot in light of this order.

**V.   Conclusion**

IT IS THEREFORE ORDERED that plaintiff Michael Hicks's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Hicks's motion to honor original filing and backdate his complaint (ECF No. 4) is DENIED as moot.

IT IS FURTHER ORDERED that Hicks's motions requesting case status (ECF Nos. 7 & 8) are DENIED as moot.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Hicks's complaint (ECF No. 2-1).

IT IS FURTHER ORDERED that Hicks's complaint is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Hicks has until November 6, 2020, to file an amended complaint in accordance with the Court's instructions.

DATED: September 22, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE