UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Hicks,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C.P. Squires Elementary School, et al.,<br><br>　　　　　Defendants. | Case No. 2:19-cv-01665-GMN-BNW<br><br>**SCREENING ORDER** |

Before the court is Plaintiff Michael Hicks' amended complaint. ECF No. 22. Plaintiff brings four claims based on events that allegedly occurred while he was employed at C.P. Squires Elementary School. *Id*. The Court has already granted his request to *procced in forma pauperis*. ECF No. 15. The Court will proceed to screen his amended complaint. 28 U.S.C. § 1915(e)(2).

**I. Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Screening the complaint.**

   **a. Factual background.**

Hicks alleges that he was employed as a custodian at C.P. Squires Elementary School (the "School"). ECF No. 22. He alleges he was qualified for this job (given he had similar job responsibilities when employed by McDonald's), was interviewed for the custodian position after being asked about job responsibilities, was hired, and never received write ups prior to his EEOC complaint. *Id*. He describes himself as an African American Black male. *Id.* Hicks brings his claims against the School, Barry Bosacker (the School's principal), and Joaquin Landeros (Hicks's custodial supervisor). *Id.* He alleges neither Bosacker nor Landeros are Black males.

Hicks claims that a weight room was created in the school by placing workout equipment into a classroom. *Id.* According to Hicks, around April 2019, he was informed that he was permitted to use the newly created weight room. *Id.*

Hicks alleges that on May 9, 2019, he was using the weight room when Dickson approached him and "made a comment . . . in regards to [Hicks's] physical appearance, body, and health." *Id.* The following day, Landeros informed Hicks that he was no longer permitted to use the weight room. *Id.* Landeros supposedly told Hicks that several teachers saw Hicks using the weight room, and those teachers informed Bosacker that they did not like this. *Id.* Bosacker, in

turn, instructed Landeros to instruct Hicks that he was no longer permitted to use the weight room. *Id.* Other custodians, such as Kent Dickson and Rafael Ledesma, were allowed to continue using the weight room and did so. *Id*. Neither Dickson nor Ledesma are Black males.

Hicks filed a complaint with the EEOC on the same day he was proscribed from using the weight room. *Id.* Later, on May 30, 2019, Hicks claims he began to be harassed by Landeros and Bosacker. *Id.* That is, he started having several complaints about his work (while he had never had any write ups before filing his complaint with the EEOC). He also started receiving more work assignments compared to the other non-Black custodians. In addition, Landeros continued taunting him about the fact that Landeros could still use the weight room. *Id.*

Hicks now seeks both injunctive relief (for corrective measures precluding similar situations from taking place in the future) and compensatory damages. *Id*.

**B.  Discussion.**

Hicks brings three claims: (1) race and color discrimination in violation of Title VII; (2) race and color discrimination in violation of NRS 613.330; and (3) retaliation in violation of Title VII.

### 1.  Race discrimination

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [his] . . . race [or] color."  42 U.S.C. § 2000e–2(a)(1).  To state a claim for discrimination, a plaintiff must allege he (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably or that a discriminatory reason motivated the employer. *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 690-91 (9th Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Claims for unlawful discrimination under NRS 613.330 are analyzed under the same principles applied to Title VII claims.  *Samuels v. We've Only Just Begun Wedding Chapel, Inc.*, 154 F. Supp. 3d 1087, 1093 (D. Nev. 2015) (citing *Apececche v. While Pine Co.*, 615 P.2d 975, 977–78 (Nev. 1980)).

Here, Hicks sufficiently pleads a claim for race discrimination under Title VII and NRS 613.330. To begin, Hicks's allegations meet the first element because, according to the complaint, he is Black and African American. These characteristics make him part of a protected class.

Hicks's allegations meet the second element as he explains he had similar responsibilities at his prior place of employment (McDonald's), was hired for this position after being interviewed about job responsibilities, and had never been written up for failure to perform his job duties prior to his EEOC complaint.

Hicks seems to maintain that the adverse employment action he suffered was not being able to use the weight room. For discrimination claims, an adverse employment action "is one that 'materially affect[s] the compensation, terms, conditions, or privileges" of employment. *Davis v. Team Elec. Co*., 520 F.3d 1080, 1089 (9th Cir.2008). For screening purposes, the Court finds that this allegation sufficiently meets the third element.

Hicks meets the fourth element, as he alleges Landeros and Bosacker proscribed him from the using the weight room because of his race, while allowing other non-Black custodians to continue using it.

Accordingly, the Court will allow Hicks' claims for racial discrimination under Title VII and NRS 613.330 to proceed.

**2. Color discrimination**

While Plaintiff alleged facts to support a claim for racial discrimination, he did not allege facts that would support discrimination on the basis of color. "Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African–American individual is discriminated against in favor of a light-colored African–American individual." *Williams v. Alhambra Sch. Dist. No. 68*, 234 F. Supp. 3d 971, 981 (D. Ariz. 2017) (quoting *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 n.5 (4th Cir. 2002)). The EEOC defines color discrimination as "when a person is discriminated against based on the lightness, darkness, or other color characteristic of the person." EEOC Compliance Manual § 15–III, What is "Color" Discrimination, 2006 WL 4673426, at *1 (June 1, 2006). Based on what Plaintiff alleged, the discrimination he suffered was a result of his race—not the lightness or

darkness of the color of his skin. Therefore, Hicks's color discrimination claim is dismissed without prejudice.

### 3. Retaliation

To make out a prima facie case of retaliation, plaintiffs must show that (1) he "undertook a protected activity under Title VII," (2) defendants subjected him to an adverse employment action, and (3) there exists "a causal link between the two." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Protected activities under Title VII include opposing allegedly discriminatory acts by one's employer. *Id.*; *see also* 42 U.S.C. 2000e–3(a).

Here, Hicks's retaliation claim fails because he does not sufficiently allege the third element.

Regarding the first element, it is a protected activity under Title VII to file a complaint with the EEOC. Hicks first alleges that he complained of the above conduct by filing a claim with the EEOC. As a result, the first element is met.

Hicks's allegations meet the second element, too. He alleges that after he complained with the EEOC, he started getting additional work—while other non-Black custodians were not subjected to an increased workload. In addition, he started receiving complaints about his job performance, which had never been the case in the past.

Turning to the third element, as explained in the previous order by this Court, the plaintiff must allege sufficient facts to show a "but-for" causal link between the protected activity and the adverse employment action. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). Thus, plaintiff must show that the individuals who allegedly effected the retaliation were **"aware that the plaintiff [] engaged in protected activity."** *Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (emphasis added).

Here, this means that Hicks must allege that the persons who retaliated (e.g., Landeros or Bosacker) did so **because of** Hicks's decision to file a charge of discrimination with the EEOC. Under *Raad*, this mean that Hicks must truthfully allege that his retaliators were aware of his decision to file a complaint with the EEOC. Hicks has still not done this. Without this knowledge, Landeros or Bosacker could not have retaliated against Hicks "because he . . . opposed any

practice made [] unlawful" under Title VII. *See* 42 U.S.C. § 2000e-3(a). Therefore, Hicks's retaliation claim is dismissed without prejudice.

**III. Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's racial discrimination claims under Title VII and NRS 613.330 may proceed.

IT IS FURTHER ORDERED that Plaintiff's claim for color discrimination is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's claim for retaliation is dismissed without prejudice.

IT IS FURTHER ORDERED that if Plaintiff wishes to amend his color discrimination and/or retaliation claims, he must do so by February 26, 2021. Plaintiff is further advised that if he chooses to amend his complaint, the Court will screen it again before it may be served. After it is screened, Plaintiff may serve it himself or file a motion for service.

IT IS FURTHER ORDERED that Plaintiff is advised that if chooses *not* to amend his complaint, he may serve it himself on defendants or file a motion for service.

DATED: January 20, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE